FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

04 MAY 14 AM 9: 17

CLERK, U.S. ...
MIDDLE DIS... ... OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| JASON K. BEHRENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 6:04-cv-715-O/1-22I |
| | ) |
| JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; DAVID DENNIS former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity; WILLIAM PENLEY former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity, | ) |
| Defendants. | ) |

R# 15233
150.00
SUMMONS
ISSUED
LV

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Jason K. Behrens, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; DAVID DENNIS former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity;

WILLIAM PENLEY former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity,[1] and herein requests judgment of this Court declaring unconstitutional and unlawful certain actions of Defendants, which resulted in Plaintiff being deprived of his constitution rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution as well as other civil rights guaranteed to him, and seeks injunctive and declaratory relief, monetary damages, an award for attorney's fees as authorized by law, all reasonable costs of this action, and for such other and further relief as this Court deems just and proper and states as follows:

## PARTIES

1. Plaintiff is a resident of the City of Orlando, Orange County, Florida. Plaintiff also is a police officer employed by the Orlando Police Department and has worked in that capacity for over six (6) years. Prior to that Plaintiff was employed in the United States Air Force as a military police officer.

2. JERRY REGIER is the acting Secretary of THE DEPARTMENT OF CHILDREN AND FAMILIES and is being sued in his official and individual capacity.

3. MIKE WATKINS is District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILREN AND FAMILIES and is being sued in his official and individual capacity.

4. DAVID DENNIS is the former District Administrator of District 7 of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES and is being sued in his individual capacity.

---

[1] The parties are hereinafter referred to as Defendants in the official capacity, Defendants in the individual capacity or collectively referred to as Defendants. JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES and MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in their official capacity shall be referred to as Defendants in their official capacity or DCF. JERRY REGIER, MIKE WATKINS, DAVID DENNIS and WILLIAM PENLEY in their individual capacity shall be referred to as Defendants in their individual capacity. The Defendants in their official capacity and Defendants in their individual capacity shall be referred to collectively as Defendants.

5. PHIL PENLEY is the former District Administrator for District 7 of THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES for the City of Orlando and is being sued in his individual capacity.

## VENUE AND JURISDICTION ALLEGATIONS

6. This action is proper in the Federal Court of the Middle District of Florida, by 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution and the Laws of the United States, and by 28 U.S.C. §1343 (a) (3) and (4), to redress the depravation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

7. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . , subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

8. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

## GENERAL ALLEGATIONS

9. Plaintiff at all material times resided at 10717 Oak Glen Circle, Orlando, Florida 32817, Orange County, Florida.

10. Plaintiff and his wife, Debra Behrens, are raising two children. Debra Behrens is also employed as a police officer by the Orlando Police Department.

11. One child is their biological daughter and the other child is their adopted son. Plaintiff and his wife are unable to have further biological children of their own.

12. Plaintiff and his wife would like to adopt another child.

13. Both Plaintiff and his wife, Debra Behrens, have worked for Orlando Police Department as police officers for six years and at that time were activated by the military in "Operation Enduring Freedom" in the aftermath of September 11, 2001.

14. Plaintiff was carrying his nine month old son while trying to step over a child safety gate. While trying to step over the gate, Plaintiff tripped and both Plaintiff and the child fell to the ground.

15. Plaintiff's nine month old child sustained a head injury. Plaintiff took the child to the Urgent Care Center. The Urgent Care Center instructed Plaintiff and his wife to take the child to the emergency room. Plaintiff took the child to the emergency room. Thereafter THE DEPARTMENT OF CHILDREN AND FAMILIES (hereinafter "DCF") was notified.

16. DCF put a hold on the child for days without a court order which delayed the release to his parents. Statute Section 39.201 (i)(5) specifically states "… a child protective investigation shall be commenced within 24 hours after receipt of the report."

17. There was a criminal investigation regarding the child's injuries. The criminal investigation was closed as unfounded\accidental.

18. There was also a civil dependency proceeding regarding Plaintiff and the children. On August 7, 2002, the civil dependency proceedings were also dismissed for a lack of preponderance of the evidence.

19. Even after the criminal investigation was closed as unfounded\accidental, and the civil dependency proceeding was dismissed, the Defendants still verified the allegation as abuse, labeling Plaintiff as a verified child abuser.

20. This occurred despite Defendant DCF's own policy, which states that there must be a preponderance of the evidence of abuse before verifying someone as a verified child abuser.

21. Plaintiff has spent a substantial amount in legal fees and fees for medical experts in an attempt to change his record as unfounded, but to no avail.

22. Plaintiff and his wife have attempted to adopt another child and still desire to adopt another child, however, because of Plaintiff's status as a verified child abuser, they are unable to do so.

23. Plaintiff's reputation and status is being jeopardized as a result of Defendants' decision to place Plaintiff's name in the Child Abuse Registry as a verified child abuser and Defendants' refusal to remove Plaintiff's name from the Child Abuse Registry.

24. Defendants have stigmatized Plaintiff as a child abuser, which has deprived him and his wife of the right to adopt a child.

25. Plaintiff has a liberty interest in not being stigmatized and in not being labeled a verified child abuser. In addition to the stigma, Plaintiff has been denied the opportunity to adopt any other children.

26. Under Florida law, Plaintiff has a liberty interest in being able to adopt a child.

## COUNT I - VIOLATION OF THE FOURTEENTH AMENDMENT -PROCEDURAL DUE PROCESS

COMES NOW, the Plaintiff, Jason K. Behrens, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; DAVID DENNIS former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity; WILLIAM PENLEY former District 7 Administrator of THE FLORIDA DEPARTMENT OF

CHILDREN AND FAMILIES in his individual capacity,[1] and states as follows:

27. Plaintiff realleges and incorporates allegations contained in Paragraph 1 through 26 above as if fully set forth herein.

28. This is an action for declaratory and injunctive relief against Defendants in their official capacity for violation of Plaintiff's procedural due process rights guaranteed under the Fourteenth Amendment to the United States Constitution and against Defendants in their individual capacity.

29. Plaintiff's name was placed on a Child Abuse Registry without a Name Clearing Hearing.

30. Plaintiff requested a Name Clearing Hearing which would allow him to have his name taken off the Child Abuse Registry as a verified child abuser, but this request was denied by Defendants.

31. Florida law at one time recognized a right to a due process hearing to expunge one's name from the Child Abuse Registry. However, in 1995 DCF refused to continue to allow any hearing to expunge one's name. As of the current date Florida law still does not provide any due process hearing to allow a person, such as Plaintiff, to clear Plaintiff's name.

32. By placing Plaintiff's name on the Child Abuse Registry, Plaintiff has been stigmatized plus he has lost his ability to adopt another child and raise a family as he and his wife deem appropriate.

33. Plaintiff tried to adopt another child but is unable to receive a favorable home study due the stigmatization of his name remaining on the Child Abuse Registry as a verified child abuser. Without a favorable home study, plaintiff will not be able to adopt another child.

34. Plaintiff has a significant claim of entitlement to being kept off the Child Abuse

Registry. Not only is he not able to adopt but his good name, reputation, honor and integrity are also at stake.

35. Under Florida law, Plaintiff has a fundamental right to adopt. Therefore, by being deprived of his right to adopt Plaintiff is being denied a fundamental right.

36. Plaintiff has been deprived of his constitutionally protected interest in his life, liberty, and property by being put on a Child Abuse Registry as a verified child abuser without the opportunity to have a Name Clearing Hearing.

37. Pursuant to the United States Constitution, Plaintiff is entitled to a due process hearing to attempt to remove or expunge his name from the Child Abuse Registry.

38. Defendants, in their individual and official capacity, have refused to provide Plaintiff any procedure or ability to obtain a due process hearing to clear his name.

39. Defendants have violated clearly established law in direct violation of the United States Constitution.

40. The Defendants' acts violated the clearly established constitutional rights of Plaintiff, rights of which every reasonable member of the public or governmental entity should have known.

41. The Defendants knew that their actions in not permitting a due process hearing would deprive Plaintiff of his constitutional rights, but proceeded with their unlawful actions with willful disregard for the consequences of their actions.

42. As a direct result of the actions of Defendants, Plaintiff has suffered damages, which exist to this day.

43. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendants a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, JASON K. BEHRENS, respectfully requests: that this court enter an Order declaring that Defendant, DCF's policies regarding the failing to provide a due process hearing for Plaintiff to be unconstitutional as violating Plaintiff's Procedural Due Process rights under the Fourteenth Amendment to the United States Constitution and to enjoin DCF from maintaining Plaintiff's name on the Child Abuse Registry. Plaintiff also requests this court to take jurisdiction of this cause and the parties to this action and enter an award of damages against the Defendants in their individual capacity and for an award for attorneys fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws against all Defendants.

## COUNT II – VIOLATION OF THE FOURTEENTH AMENDMENT - PRIVACY

COMES NOW, the Plaintiff, Jason K. Behrens, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; DAVID DENNIS former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity; WILLIAM PENLEY former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity,[1] and states as follows:

44. This is an action for declaratory and injunctive relief for violation of Plaintiff's right to privacy guaranteed under the Fourteenth Amendment of the United States Constitution against Defendants in their official capacity and for damages against Defendants in their individual capacity.

45. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 26, 38, 39, 40 and 41 above as if fully set forth herein.

46. Placing Plaintiff's name on a Child Abuse Registry has denied Plaintiff the ability to

adopt a child and infringes on Plaintiff's fundamental right to raise his children and make child rearing decisions.

47. Placing Plaintiff's name on a Child Abuse Registry not only denies Plaintiff the ability to make child-rearing decisions, it also denies Plaintiff's children of the ability to have other siblings.

48. The Fourteenth Amendment of the U.S. Constitution guarantees every citizen freedom from bodily restraint, the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, to establish a home and bring up children, to worship God according to the dictates of one's own conscience, and generally enjoy the privileges long recognized at common law in the pursuit of happiness. One of those rights is the right to privacy to be let alone and free from government intrusion. The right to privacy encompasses the right to raise children free from governmental intrusion. The Fourteenth Amendment states that no state shall ..."deprive any person of life, liberty or property without due process of law."

49. Placing Plaintiff's name on a Child Abuse Registry without a Name Clearing Hearing violates Plaintiff's right to privacy.

50. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered damages, which exist to this day.

51. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendants a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, JASON K. BEHRENS, respectfully requests: that this court enter an Order declaring that DCF's policies to be unconstitutional as violating Plaintiff's right to privacy under the Fourteenth Amendment to the United States Constitution and to enjoin DCF from

maintaining Plaintiff's name on the Child Abuse Registry. Plaintiff also requests this court to take jurisdiction of this cause and the parties to this action and enter an award of damages against the Defendants in their individual capacity and for an award for attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws against all Defendants.

### COUNT III - VIOLATION OF FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS

COMES NOW, the Plaintiff, Jason K. Behrens, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; DAVID DENNIS former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity; WILLIAM PENLEY former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity,[1] and states as follows:

52. Plaintiff realleges and incorporates allegations contained in Paragraph 1 through 26, 38, 39, 40 and 41 above as if fully set forth herein.

53. This is an action for declaratory and injunctive relief against Defendants in their official capacity and for violation of Plaintiff's substantive due process rights guaranteed under the Fourteenth Amendment to the United States Constitution against Defendants individually for damages.

54. Defendants wrongfully placing Plaintiff's name on a Child Abuse Registry has denied Plaintiff the ability to adopt a child and infringes upon Plaintiff's substantive due process rights.

55. Defendants have and had no rules and/or procedures in place for removing Plaintiff

from the Child Abuse Registry list as a verified child abuser.

56. Defendants' decisions to place a name or remove a name from the Child Abuse Registry is, at best, arbitrary and capricious as there is no rules, regulations or guidelines in place.

57. Plaintiff has been deprived of his constitutional right to substantive due process as a result of the arbitrary and capricious actions of Defendants.

58. Plaintiff's name remains on the Child Abuse Registry list as a verified child abuser and it can only be removed by the will and whim of Defendants without any guidelines and/or procedures or policies for Plaintiff to obtain an expungement of his name from the registry.

59. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered damages, which exist to this day.

60. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendants a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, JASON K. BEHRENS, respectfully requests: that this court enter an Order declaring that DCF's policies and actions in placing and refusing to remove Plaintiff's name from the Child Abuse Registry as a verified abuser to be unconstitutional as violating Plaintiff's Substantive Due Process rights under the Fourteenth Amendment to the United States Constitution and to enjoin the DCF from maintaining Plaintiff's name on the Child Abuse Registry. Plaintiff also requests this court to take jurisdiction of this cause and the parties to this action and enter an award of damages against the Defendants in their individual capacity and for an award for attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws against all Defendants.

## COUNT IV - VIOLATION OF THE FLORIDA CONSTITUTION- ARTICLE I § 9
## PROCEDURAL DUE PROCESS

COMES NOW, the Plaintiff, JASON K. BEHRENS, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues Defendant, JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official capacity and MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIY SERVICES (hereinafter referred to as Defendants in their individual capacity or Defendant DCF), and states as follows:

61. This is an action for the violation of the due process under the Florida Constitution against Defendants in their official capacity and for declaratory and injunctive relief.

62. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1, 2, 3, 6, and 8 through 26 above as if fully set forth herein.

63. Under Florida law an individual has a fundamental right to adopt. In order to be able to adopt an individual must receive a favorable home study.

64. Plaintiff's name was placed on a Child Abuse Registry without a Name Clearing Hearing.

65. By placing Plaintiff's name on the Child Abuse Registry, Plaintiff has been stigmatized and is unable to receive a favorable preliminary home study. Plaintiff will not be able to receive a favorable report until his name is taken off of the Child Abuse Registry list as a verified child abuser.

66. Plaintiff tried to adopt another child but is unable to receive a favorable report due to this stigmatization

67. Plaintiff's good name, reputation, honor and integrity are as stake.

68. Plaintiff has a significant claim of entitlement to being kept off the Child Abuse Registry.

69. Plaintiff has been deprived of his constitutionally protected interest in his life, liberty, and property. The due process clause of the Florida Constitution Article I § 9 states in pertinent part "No person shall be deprived of life, liberty, or property without due process of law".

70. A stigmatization plus a tangible interest such as an altered legal status triggers the Due Process Clause in the Florida Constitution.

71. When a liberty interest is altered and due process is triggered, a person is entitled to a Name Clearing Hearing.

72. Defendant DCF has refused to provide Plaintiff with a Name Clearing Hearing and have refused to remove his name as a verified child abuser from the Child Abuse Registry. Defendant, DCF's actions are arbitrary and capricious.

73. A state cannot choose a method of meeting its interest that unnecessarily burdens or restricts the exercise of fundamental rights. By not allowing Plaintiff a Name Clearing Hearing, it restricts Plaintiff of exercising his fundamental rights without due process of law.

WHEREFORE, Plaintiff, JASON K. BEHRENS, respectfully requests an Order declaring that Defendant DCF's policies regarding placing a person on the Child Abuse Registry list to be unconstitutional as conflicting with Florida's Constitutional Due Process under Article I § 9 of the Florida Constitution. Plaintiff also requests this Court to take jurisdiction of this case and the parties to this action and enjoin Defendant DCF to remove Plaintiff's name from the Child Abuse Registry or in the alternative provide a Name Clearing Hearing.

## COUNT V – VIOLATION OF ARTICLE I § 23, FLORIDA CONSTITUTION - PRIVACY

COMES NOW, the Plaintiff, JASON K. BEHRENS, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues Defendant, JERRY REGIER as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official capacity and MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIY SERVICES (hereinafter referred to as Defendants in their individual capacity or Defendant DCF), and states as follows:

74. This is an action for the violation of the right to privacy under the Florida Constitution and against Defendants in their official capacity for declaratory and injunctive relief.

75. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1, 2, 3, 6, and 8 through 26 above as if fully set forth herein.

76. Article I, §23 of the Florida Constitution guarantees every citizen (minor or adult) of the State of Florida the right to privacy and guarantees that the individual has the right to be let alone and free from governmental intrusion.

77. Florida's right to privacy provision is comprehensive and guarantees the right to be let alone and free from governmental intrusion into one's private life. The right to privacy is adopted in recognition of a state and not the federal government's responsibility for the protection of personal privacy and was intended to encompass a much broader realm of privacy than that of the Federal Constitution. The right to privacy guarantees the fundamental right to be left alone so that any individual may be free to lead a private life according to his or her beliefs, free from unreasonable government intrusion. The right to privacy may only be infringed upon by a compelling and

14

overriding state interest.

78. Defendant DCF wrongfully placing Plaintiff's name on a Child Abuse Registry as a child abuser without due process of law, invades his privacy interest by prohibiting Plaintiff from being able to adopt another child.

79. Wrongfully placing Plaintiff's name on a Child Abuse Registry as a registered child abuser also violates Article I §23 of the Florida Constitution as it deprives him of his autonomy and constitutional right to unfettered authority to raise a family according to his personal values and beliefs.

WHEREFORE, Plaintiff, JASON K. BEHRENS, respectfully requests that this Court enter an Order declaring Defendant DCF's policies regarding placing a person on the Child Abuse Registry list as conflicting with Florida's constitutional right to privacy under Article I §23 of the Florida Constitution. Plaintiff also requests this Court to take jurisdiction of this cause and the parties to this action and enjoin the Defendant DCF to remove Plaintiff's name from the Child Abuse Registry or in the alternative provide a Name Clearing Hearing.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 14th day of MAY, 2004.

HOWARD S. MARKS, ESQUIRE
Florida Bar No. 0750085
**ABBYE E. ADELSON, ESQUIRE**
Florida Bar No. 0662348
GRAHAM, BUILDER, JONES
 PRATT & MARKS
369 N. New York Avenue
P. O. Drawer 1690
Winter Park, FL 32790
Telephone: (407) 647-4455
Facsimile: (407) 740-7063
Attorneys for Plaintiff