UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.6:04-CV-715-ORL-22-JGG

JASON K. BEHRENS,

    Plaintiff,

v.

JERRY REGIER, as Secretary of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, in his official and individual capacity, MIKE WATKINS as District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his official and individual capacity; DAVID DENNIS former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity; WILLIAM PENLEY former District 7 Administrator of THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES in his individual capacity,

    Defendants.
_____/

## DEFENDANT DAVID DENNIS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, DAVID DENNIS, in his individual capacity, by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves to Dismiss the Plaintiff's Complaint for failure to state a cause of action and states as follows:

1. Plaintiff has failed to state a cause of action under §1983 against Defendant DAVID

DENNIS in his individual capacity.

2. Plaintiff's Complaint fails to allege any facts to establish any causal connection between Defendant's actions and any alleged constitutional violation. The Complaint fails to contain any specific factual allegations concerning any specific acts or omissions by the individual Defendant DAVID DENNIS concerning the reporting or investigation of child abuse or Plaintiff's subsequent attempt to adopt a child through a private adoption agency. Plaintiff has even failed to allege whether Defendant DAVID DENNIS was the District 7 Administrator for the Florida Department of Children and Families at the time of the child abuse investigation. Plaintiff has failed to allege any personal participation by Defendant DAVID DENNIS in Plaintiff's private adoption efforts.

3. In addition, at all times material hereto, Defendant DAVID DENNIS was a state official performing discretionary functions. He asserts a qualified immunity defense and he is shielded from liability unless his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Reno,* 325 F.3d 1228 (11th Cir. 2003). His conduct, if any, in this case clearly does not qualify as a violation of such a clearly established right. As such, Defendant is immune from suit on the basis of a qualified immunity defense.

4. The Plaintiff has failed to state a cause of action for violation of his constitutional rights to due process and privacy. Plaintiff claims that the appearance of his name in child abuse records denies him the ability to adopt. Under Florida law, adoption is not a fundamental right, but a privilege created by statute. Plaintiff has no liberty interest in being afforded the opportunity to adopt. Plaintiff has no privacy interest where adoption is a public act, not a

private matter.

     5.  Plaintiff has not satisfied the elements of a cause of action for injunctive relief.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiff has filed a §1983 action and has sued the Defendants JERRY REGIER and MIKE WATKINS, in their official capacities, for declaratory and injunctive relief.  Plaintiff has sued the Defendants JERRY REGIER, MIKE WATKINS, DAVID DENNIS, and PHIL PENLEY , in their individual capacities for damages.  Plaintiff claims that his constitutional rights to privacy, procedural due process, and substantive due process have been violated. Plaintiff alleges that the Department of Children and Families was notified after Plaintiff took his child to the emergency room for a head injury.  Complaint, ¶15.   Plaintiff claims that the Defendants verified a child abuse report. Complaint, ¶19.  Plaintiff claims that the verified finding has stigmatized the Plaintiff and has denied the Plaintiff the opportunity to adopt any other children.  Complaint, ¶¶ 22-26.[1]

### II.  PLEADING STANDARD

The standard governing Defendant's motion under Rule 12(b)(6) is familiar: the motion tests the sufficiency of the Complaint to determine whether it sets forth sufficient allegations to establish a claim for relief, and a district court should not dismiss a complaint for failure to state a claim solely on the pleadings unless it appears beyond doubt that the plaintiff can prove no set

---

[1] Plaintiff's Complaint constitutes the "shotgun" style of pleading, which the Eleventh Circuit has disapproved, because it makes allegations that defendants engaged in certain unconstitutional conduct without making distinctions among the defendants charged. *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001).

of facts in support of the claim which would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957). When considering a motion to dismiss, the Court must accept all well-plead allegations of fact as true. *See Beck v. Deloitte,* 144 F.3d 732, 735-36 (11th Cir. 1998); *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65-66 (1978); *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91 (1979); *Solis-Ramirez v. United States Department of Justice*, 758 F2d. 1426, 1428 (11th Cir. 1985). However, the Court is not obligated to accept as true a plaintiff's conclusions of law; rather, the Court is to make its own determination of any legal issue involved in a case. *Solis-Ramirez,* 758 F.2d at 1428.

All facts alleged in the complaint are accepted as true and construed in the light most favorable to the plaintiff except when the facts alleged are internally inconsistent or when they run counter to facts of which the court can take judicial notice. *Gerstein v. Rundle*, 833 F.Supp. 906, 910 (S.D. Fla 1993)(citations omitted). Also, conclusory allegations and unwarranted deductions of fact need not be accepted as true. *Id*., citing *Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).[2]

The Complaint omits factual allegations necessary and essential to the legally sufficient statement of a claim pursuant to 42 U.S.C. §1983 against the state officialss sued, as here, in his individual capacity. The factual allegations are insufficient, as a matter of law, to state a claim against Defendant DAVID DENNIS.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE

### A CAUSE OF ACTION UNDER §1983

#### A. No Respondeat Superior Liability

Respondeat superior cannot be used as a basis of liability under § 1983. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). "It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior." *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990); *H.C. Hewett v. Jarrard,* 786 F.2d 1080, 1086 (11th Cir. 1986); *Young v. City of Augustus,* 59 F.3d 1166 (11th Cir.1995). Supervisory liability in §1983 actions only occurs either when a supervisor personally participates in alleged constitutional violations or when there is causal connection between actions of a supervising official and an alleged constitutional deprivation. *Brown,* 906 F.2d at 668; (*Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).) Furthermore, a supervisor has the right to rely upon subordinates he reasonably believes to be competent. *Cecere v. City of New York*, 967 F.2d 826, 829 (2d Cir. 1992). Indeed, even if there were violations of department policy by a subordinate, this would be insufficient to establish a claim of a constitutional violation by the supervisor. *See Dolihite v. Maughon*, 73 F.3d 1027 (11th Cir. 1996).

In the instant case, Defendant DAVID DENNIS was a supervisor with the Florida Department of Children and Families (former District Administrator for DCF District 7). Plaintiff's Complaint does not allege either personal participation by Defendant in alleged constitutional violations or a causal connection between Defendant's actions and an alleged constitutional deprivation. Plaintiff therefore fails to state a cause of action against Defendant DAVID DENNIS under §1983.

B. <u>No Causal Connection</u>

*Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598 (1976), has frequently been cited for the proposition that state officials are not subject to suit under §1983 unless they play an affirmative part in the alleged deprivation of constitutional rights. In *Williams v. Bennett*, 689 F.2d 1370, (11th Cir. 1982), a prison inmate's §1983 suit against state officials, the Eleventh Circuit discussed the *Rizzo* decision, stating:

> . . . the Supreme Court expounded on the nature of the causal link which must be established . . . . Specifically, the Court disapproved the imposition of liability for the officials' failure to act in the face of a statistical pattern of police misconduct *absent proof that the supervisory defendants had "direct responsibility for the actions" of those police officers who had engaged in the misconduct . . . . it is clear that the inquiry into causation must be a* directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.

*Rizzo*, at 1381 (emphasis added).

Indeed, *Rizzo's* "affirmative link" requirement means that the supervisor must have "participated or acquiesced in the constitutional deprivations" complained of. *Kite v. Kelly*, 546 F.2d 334, 337 (10th Cir. 1976). For example, in *Naughton v. Bevilacqua*, 605 F.2d 586, 589 (1st Cir. 1979), injunctive relief against the director of a mental hospital was denied because the relationship of the defendant to the specific alleged violations was too remote. The court held that in civil rights litigation broad injunctions against high-level state supervisors are not favored in the absence of any showing that such officials have caused or are directly responsible for violation of constitutional rights. *Id*.

As noted earlier, Defendant DAVID DENNIS occupied a senior position in District 7 of

the Department of Children and Families.  Plaintiff's Complaint does not allege any specific conduct or actions by the named Defendant with regard to either the investigation of the child abuse report or Plaintiff's attempt to adopt a child through a private adoption agency.  Plaintiff's Complaint does not allege that the Defendant participated in the home study when Plaintiff allegedly tried to adopt a child.  Even if the Defendant may be thought to possess some general supervisory authority over other state officials and state employees, the exercise of that authority could only be general, relating to direction and broad policy, not to the specific acts which give rise to Plaintiff's allegations.  Such supervisory authority will not sustain §1983 liability.

## IV. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY FROM SUIT

### A. Qualified Immunity and Burdens of Proof

Defendant DAVID DENNIS is shielded from liability for damages under qualified immunity.  As a general rule, government officials performing discretionary functions are shielded from civil liability by qualified immunity as long as their actions are reasonably consistent with the constitutional rights alleged to have been violated.  *Anderson v. Creighton*, 483 U.S. 635, 637, 107 S.Ct. 3034, 3038 (1987).  When government officials make decisions that do not knowingly violate a clearly established statutory or constitutional right of which a reasonable person would have known, qualified immunity shields them from defending themselves in a lawsuit seeking damages.  *Ray v. Foltz*, 17 Fla. L. Weekly Fed. C 569, 2004 U.S. App. LEXIS 10155 (11th Cir. May 24, 2004);  *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 72 L.Ed.2d 396 (1982); *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012 (1984), *reh. denied*, 468 U.S. 1226.  The public's strong interest in avoiding government disruption requires that qualified immunity be an immunity from trial, not just from liability. (Citations omitted).

*Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir. 1993), *modified on other grounds*, 14 F.3d 583 (11th Cir. 1994).  The immunity is framed this way because of the tremendous social costs in official energy and resources that result from litigation against public officials.  *Id.*

Moreover, where a defending public official initially shows that he acted in the scope of his discretionary duties, the plaintiff has the burden of showing that the official's actions violated clearly established statutory or constitutional rights.  *Montague v. Cooley*, 735 So.2d 511 (Fla. 2d DCA 1999); *Walsingham v. Dockery*, 671 So.2d 166 (Fla. 1st DCA 1996).  The official need merely show that his actions were undertaken pursuant to the performance of his duties and were within the scope of his authority.  *Jordan v. Doe*, 38 F.3d 1559 (11th Cir. 1994).

Consistent with the shifting burdens, the Eleventh Circuit has determined a two-step process for qualified immunity analysis: (1) the defendant public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred; and (2) once the defendant public official satisfies this burden, the burden shifts to the plaintiff to show lack of good faith on the defendant's part.  To meet his burden, Plaintiff must prove that the defendant public official's actions violated clearly established statutory or constitutional law.  *Rich v. Dollar*, 841 F.2d 1558, 1563-64 (11th Cir. 1988)(quoting *Zeigler v. Jackson*, 716 F.2d 847 (11th Cir. 1983)).  Where a plaintiff fails to demonstrate a violation of his constitutional rights, a defendant government official is entitled to qualified immunity.  *Doe v. O'Brien*, 329 F.3d 1286, 1299 (11th Cir. 2003).  The burden is on the plaintiff to show that, when the defendant acted, the law established the contours of a right so clearly that a reasonable official would have understood his acts were unlawful.  *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), *modified on other grounds*, 14 F.3d 583 (11th Cir. 1994).  Plaintiff

can pierce this immunity only by showing that Defendants violated clearly established law by their treatment of Plaintiff. *Id* at 1556-57. This means Plaintiff must demonstrate that the controlling law was so clearly delineated that reasonable Defendants would have known at the time of the alleged conduct that their actions were unlawful. *Id.* at 1557.

The analysis of whether the Plaintiff has met his burden to overcome the presumptive immunity has two parts: first, determining what the official's conduct was; and second, determining whether a reasonable official could have believed that such conduct was lawful based upon clearly established law. *Johnson v. Clifton*, 74 F.3d 1087 (11th Cir. 1996). If the only conclusion that a rational jury can reach is that reasonable officers would disagree about the legality of the conduct, qualified immunity must be granted. *Brown v. Cochran*, 171 F.3d 1329 (11th Cir. 1999); *Johnson v. City of Ft. Lauderdale, Fla.*, 126 F.3d 1372 (11th Cir. 1997). Even where there are factual disputes as to what the conduct actually was, but the legal norms were not "clearly established," qualified immunity prevails. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988).

The burden upon the plaintiff is heavy. "[I]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994). Further, the precedents which show the official erred must be factually similar to plaintiff's own situation; general rules or abstractions will not suffice. *Crosby v. Paulk*, 187 F.3d 1339, 1344 (11th Cir. 1999); *Rodgers v. Horsley*, 39 F.3d 308, 310 (11th Cir. 1994). In order to defeat the immunity, the conduct must have been "so obviously illegal that only an official who was incompetent or who knowingly was violating the law would have committed" the acts. *GJR Investments, Inc. v.*

*County of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998). "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or raise a doubt about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1150 (11th Cir. 1994)(en banc). *See, Flores v. Satz*, 137 F.3d 1275 (11th Cir. 1998). Further, "in this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Board of Education*, 115 F.3d 821, 827 n.4 (11th Cir. 1997).

### B. Under Florida Law, There Is No Fundamental Right To Adopt

Plaintiff's §1983 claim is based upon a misstatement of Florida law. Plaintiff alleges that he has a fundamental right to adopt and that by being deprived of his right to adopt Plaintiff is being denied a fundamental right. Complaint, ¶ 35. However the Eleventh Circuit has ruled that under Florida law, adoption is not a right; it is a statutory privilege, wholly a creature of statute. *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004), (*citing, Fla. Dep't of Health & Rehab. Servs. v. Cox*, 627 So.2d 1210, 1216 (Fla. 2d DCA 1993), *aff'd in relevant part*, 656 So.2d 902 (Fla. 1995).) *See also*, *Jeffrey Buckner and Debbie Buckner v. Family Services of Central Florida, Inc.*, 29 Fla. L. Weekly D1695, 2004 WL 1635858, 2004 Fla. App. LEXIS 10982, (Fla. 5th DCA, July 23, 2004)(Former foster parents' relationship with minor foster child did not enjoy constitutional protections of due process and equal protection in subsequent adoption proceeding)(opinion not final until time expires to file rehearing motion and, if filed, disposed of). Likewise "the opportunity to adopt an unrelated

child is not a fundamental liberty." *Fla. Dep't of Health & Rehab. Servs. v. Cox*, 627 So.2d 1210, 1217 (Fla. 2d DCA 1993), *aff'd in relevant part*, 656 So.2d 902 (Fla. 1995). "Because there is no fundamental right to adopt or to be adopted, it follows that there can be no fundamental right to apply for adoption." *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 812 (11th Cir. 2004). Thus, Plaintiff cannot demonstrate a clearly established right to adopt that Defendant allegedly failed to acknowledge in some still-undescribed manner.

### C. No Right To Privacy Is Implicated

Additionally, because adoption is not a private matter, but a public act, no right of privacy is implicated in the adoption process. *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004), *citing, Fla. Dep't of Health & Rehab. Servs. v. Cox*, 627 So.2d 1210, 1216 (Fla. 2d DCA 1993), *aff'd in relevant part*, 656 So.2d 902 (Fla. 1995). Those who wish to adopt have no substantive right to be free from state regulation, and prospective adoptive parents are electing to open private lives to close scrutiny by the State. *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 810 (11th Cir. 2004). Moreover, prospective adoptive parents do not automatically have a justified expectation of being allowed to adopt and obtain permanency in a relationship with a child. Plaintiff cannot claim a liberty interest in adopting a child where he has no current relationship with such child and has no justifiable expectation of permanency in such relationship. A procedural due process right to protect a purported liberty interest in the event the State were to attempt to <u>remove</u> children already residing in a person's home does not translate into an affirmative right to be afforded official recognition as "parent" and "child," in the first instance.

*Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 814-15 (11th Cir. 2004).

"A person who asks the state for the privilege to adopt does not have a fundamental right arising from an existing family relationship. Instead, the applicant asks the state to make a decision in the best interests of a child in need of adoption." *Fla. Dep't of Health & Rehab. Servs. v. Cox*, 627 So.2d 1210, 1216 (Fla. 2d DCA 1993), *aff'd in relevant part*, 656 So.2d 902 (Fla. 1995). Indeed, the state has a substantial interest in an adoption process which entitles adoption agencies to perform examinations into the background of prospective adoptive parents in order to make decisions that accord with the best interests of the child in need of adoption. *Id.* "Many private decisions indirectly limit one's ability to obtain statutory privileges. Such indirect limitations do not render statutory privileges unconstitutional under the right of privacy." *Id.*

### D. **Plaintiff Fails To Allege Any Conduct By The Defendants In The Abuse Investigation or Child Adoption Process**

Finally, the Complaint fails to allege any action by the Defendant under color of law with respect to Plaintiff's "attempt to adopt" or "desire to adopt". *See*, Complaint at ¶ 22. Plaintiff does not allege that he applied to DCF to adopt a child. Plaintiff does not allege that DCF did the preliminary home study. Plaintiff does not allege that a private adoption agency either contacted or communicated with the Defendant. Plaintiff does not allege that there was any dissemination of information by Defendant to a private adoption agency. Instead, Plaintiff claims that he is unable to adopt because his name appears in child abuse records and that this somehow translated into a §1983 claim against Defendant DAVID DENNIS. *See*, Complaint, at ¶¶ 22, 23.

Section 63.092(3), Fla. Stat. (2004) requires a licensed child-placing agency to perform a

preliminary home study prior to placing a minor in the intended adoptive home. The preliminary home study must include a check of child abuse records. Fla. Stat. §63.092(3)(b). If the preliminary home study is unfavorable, the adoption entity may, within 20 days after receipt of a copy of the written recommendation, petition the court to determine the suitability of the intended adoptive home. Fla. Stat. §63.092. The favorable preliminary home study of the licensed child-placing agency is required to be filed with the clerk of court at the time the petition for adoption is filed. Fla. Stat. §63.112(2)(b). The Complaint is silent as to whether the Plaintiff otherwise complied with the provisions of the Florida Adoption Act in Chapter 63, Florida Statutes, and whether the private adoption agency pursued a petition to determine the suitability of the intended adoptive home, following the preliminary home study.

In Florida adoption proceedings, the state's primary interest is to serve the best interests of the children whom it is seeking to place with adoptive families. *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 810 (11th Cir. 2004), *citing, In re Adoption of H.Y.T.*, 458 So.2d 1127, 1128 (Fla. 1984); Section 63.022(2), Fla. Stat. (2004).

> In short, a person who seeks to adopt is asking that state to conduct an examination into his or her background and to make a determination as to the best interests of a child in need of adoption. In doing so, the state's overriding interest is not providing individuals the opportunity to become parents, but rather identifying those individuals whom it deems most capable of parenting adoptive children and providing them with a secure family environment. Indicative of the strength of the state's interest – indeed duty – in this context is the fact that appellants have not cited to us, nor have we found, a single precedent in which the Supreme Court or one of our sister circuits has sustained a constitutional challenge to an adoption scheme or practice by any individual other than a natural parent, and even many challenges by natural parents have failed.

*Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 811 (11th Cir. 2004).

Plaintiff's Complaint misstates Florida law and does not state a cause of action under §1983 to establish violations of clearly established statutory or constitutional rights of which a reasonable official performing discretionary functions would have known. Plaintiff's Complaint fails to contain any allegations of specific conduct by the named Defendant with regard to child abuse reports concerning Plaintiff or Plaintiffs attempt to adopt.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR CONSTITUTIONAL VIOLATIONS

The Plaintiff claims that the placement of his name in child abuse records violated his procedural and substantive due process rights as well as his right to privacy. The Plaintiff's complaint does not adequately state a cause of action for any of these alleged constitutional violations and as such, must be dismissed.

For the reasons stated previously, Plaintiff does not have a fundamental right to adopt and the right to privacy is not implicated in the adoption process, a process which remains wholly a creature of statute. Plaintiff cannot prove a liberty interest in the statutory privilege to adopt a child with whom Plaintiff has not established a legal or personal relationship prior to the adoption proceedings. Plaintiff's Complaint is silent as to the nature of his relationship, if any, with a child he wishes to adopt. Moreover, under Florida law any person, official, or institution participating in good faith in any act authorized or required by Chapter 39, Florida Statutes concerning reporting child abuse and protective investigations shall be immune from any civil or criminal liability which might otherwise result by reason of such action. Section 39.203(1)(a), Fla. Stats. (2004).

### A. Procedural Due Process

In the Eleventh Circuit, "a §1983 claim alleging a denial of procedural due process

requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Plaintiff fails to meet any of these elements. First, the opportunity to adopt is not a fundamental liberty interest. Second, Plaintiff has alleged no specific state action by this Defendant during Plaintiff's attempt to adopt through a private adoption agency.

Turning to the element of the adequacy of process, when determining the constitutional requirements of due process in a particular situation, one applies the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 333, 47 L.Ed.2d 18, 96 S.Ct. 893, 903 (1976). As the Supreme Court stated in *Mathews*, the specific dictates of due process in a particular circumstance require consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation through the procedures used, and the probable value of additional features; and (3) the government's interest, including the function involved and the additional burdens of additional procedures. The same framework for analysis has been used by the Eleventh Circuit, e.g. *James v. City of St. Petersburg*, 6 F.3d 1457 (11th Cir. 1993); *M.S. v. 408 Peyton*, 112 F.3d 1106 (11th Cir. 1997); *S.E.C. v. Elliot*, 953 F.2d 1560 (11th Cir. 1992).

Plaintiff desires to engage in the very public act of pursuing a statutory privilege to adopt an unrelated child. As discussed above, the opportunity to adopt is not a fundamental liberty interest. While the Complaint does not allege all of the procedures used by the private adoption agency, it utterly fails to allege any due process violations as a result of a private adoption agency's compliance with the Florida Adoption Act in Chapter 63, Florida Statutes. The

standards and procedures contained in the Florida Adoption Act provide adequate protection against the risk of erroneous deprivation in a private adoption agency decision. In Florida adoption proceedings, the state's compelling interest is to serve the best interests of the children being placed with adoptive families. Given the balancing of the foregoing *Mathews* factors, Plaintiff was afforded due process.

Additionally, Plaintiff does not allege that he applied to DCF to adopt a child. Plaintiff does not allege that DCF did the preliminary home study. Plaintiff does not allege that DCF denied Plaintiff's application to adopt. If Plaintiff pursued adoption through a private adoption agency and there was therefore no state action on the part of this Defendant in the adoption process, then Plaintiff fails to state a cause of action for violation of due process rights.

Moreover, Plaintiff has not challenged the due process that was afforded to him during the investigation of the child abuse report. Plaintiff does not allege that any of the statutory requirements under Chapter 39, Florida Statutes were lacking in the investigation of the child abuse report. He merely claims that a different finding should have been made in the child abuse records, *i.e.*, that there should have been a different <u>result</u>, not necessarily a different process. The procedural due process afforded him in the child abuse protective investigation process was consistent with Florida law and was more than adequate, and therefore this claim should be dismissed.

### B. Substantive Due Process

Plaintiff also claims that his substantive due process rights have been violated. In order to determine whether government action violates due process rights within the context of 42 U.S.C. §1983, the court must determine (1) whether the action deprives the individual of a

constitutionally protected interest and (2) whether the deprivation occurred without due process. *Resolution Trust Corporation v. Town of Highland Beach*, 18 F.3d 1536 (11th Cir. 1994).

"Because there is no fundamental right to adopt or to be adopted, it follows that there can be no fundamental right to apply for adoption." *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 812 (11th Cir. 2004). Likewise "the opportunity to adopt an unrelated child is not a fundamental liberty." *Fla. Dep't of Health & Rehab. Servs. v. Cox*, 627 So.2d 1210, 1217 (Fla. 2d DCA 1993), *aff'd in relevant part*, 656 So.2d 902 (Fla. 1995).

The State has recognized a compelling interest in protecting the children of the state from abuse, abandonment, neglect, and exploitation, and in providing safe, stable and nurturing homes for children. Fla. Stat. § 39.001(3). The child protection system is based upon the principle that the health and safety of the children served shall be of paramount concern. Fla. Stat. §39.0011(1)(b)(1). Moreover, Plaintiff has not challenged the process afforded to him during the investigation of the child abuse report, nor, as discussed above, that afforded to him during the adoption process.

### VI. <u>THE PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF</u>

In this case, the Plaintiff requests an injunction to require the Department to take the Plaintiff's name out of the child abuse records in order to allegedly afford Plaintiff an opportunity to adopt. This request for injunctive relief runs afoul of the State's responsibility to ensure that all of its children are residing in safe homes, and would establish bad policy if every person who was the subject of a child abuse report and investigation could remove their name from such child abuse records in order to bring another child into his home through adoption.

A court must consider three traditional criteria in deciding whether to grant permanent injunctive relief: (1) whether the plaintiff has established the fact of the violation, (2) whether the plaintiff has demonstrated the presence of continuing irreparable injury if the injunction does not issue, and (3) whether there is a lack of adequate remedy at law. *Newman v. State of Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982)(*citing Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976)).  If the plaintiff makes such a showing, the court may grant injunctive relief, but relief must be no broader than needed to remedy the constitutional violation. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1666, 75 L.Ed.2d 675 (1983).

In this case, as shown above, the Plaintiff cannot prevail on any cause of action which would satisfy the first criteria for entitlement to a permanent injunction.  An opportunity to adopt does not constitute a fundamental liberty interest.  Plaintiff cannot claim continuing irreparable injury by allegedly being unable to adopt because he has no fundamental right to adopt an unrelated child.  Plaintiff has an adequate remedy at law because the private adoption entity could petition the court to determine the suitability of the intended adoptive home.  Section 63.092, Fla. Stat. (2004).   Because his claim fails under each of the theories asserted in his Complaint, he cannot establish the fact of the constitutional violations, and the Plaintiff's request for permanent injunctive relief should therefore be denied.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Defendant DAVID DENNIS respectfully requests this Court dismiss the Plaintiff's Complaint, and grant any such other and further relief as this Court deems proper.

        Respectfully submitted,

        CHARLES J. CRIST, JR.
        ATTORNEY GENERAL

        <u>s/ Kathleen Von Hoene</u>
        Kathleen Von Hoene
        Senior Assistant Attorney General
        Florida Bar No.: 0615765

        OFFICE OF THE ATTORNEY GENERAL
        Civil Division
        1300 Riverplace Blvd., Suite 405
        Jacksonville, FL 32207
        (904) 348-2720
        FAX: (904) 348-2783
        kathleen_von_hoene@oag.state.fl.us

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 10, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Howard S. Marks, Esq. [hmarks@grahambuilder.com], Graham, Builder, Jones, Pratt & Marks, 369 N. New York Avenue, P.O. Drawer 1690, Winter Park, FL 32790.  I further certify that  a true and correct copy of the foregoing has been furnished by U.S. Mail to Howard S. Marks, Esq. and Abbye E. Adelson, Esq.,  Graham, Builder, Jones, Pratt & Marks, 369 N. New York Avenue, P.O. Drawer 1690, Winter Park, FL 32790 on this 10th day of August, 2004.

        <u>s/ Kathleen Von Hoene</u>
        Kathleen Von Hoene
        Senior Assistant Attorney General