# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JASON K. BEHRENS,**

              **Plaintiff,**

**-vs-**                                            **Case No.  6:04-cv-715-Orl-22JGG**

**JERRY REGIER, as Secretary of the
Florida Department of Children and
Families in his official capacity; MIKE
WATKINS, as District 7 Administrator of
the Florida Department of Children and
Families in his official and individual
capacity; DAVID DENNIS, former District 7
Administrator of the Florida Department of
Children and Families in his individual
capacity; and WILLIAM PENLEY, former
District 7 Administrator of the Florida
Department of Children and Families in his
individual capacity,**

              **Defendants.**

_____

# ORDER

## I. INTRODUCTION

      This cause comes before the Court for consideration of the Defendants', Jerry

Regier, in his official and individual capacity, Mike Watkins, in his official and individual

capacity, and William Penley, in his individual capacity, Motion to Dismiss Plaintiff's

Complaint (Doc. No. 11), filed June 22, 2004, to which the Plaintiff, Jason K. Behrens,

responded (Doc. No. 20) on July 20, 2004. Having reviewed the motion and memoranda,

this Court **GRANTS** the Motion to Dismiss (Doc. No. 11).

## II. BACKGROUND

For the purpose of this Motion to Dismiss, the Court accepts as true the following facts derived from the Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages and Demand for Jury Trial (Doc. No. 1, filed May 14, 2004).[1]

The Plaintiff, Jason K. Behrens (hereinafter, "Mr. Behrens"), is a resident of Orange County, Florida.[2] At all relevant times herein, he was and is a City of Orlando police officer.[3] The Defendant, Jerry Regier, is the acting Secretary of the Department of Children and Families Services (hereinafter, "the DCF").[4] He is charged with ensuring the safety, well-being, and self-sufficiency of children and families throughout the State of Florida. The Defendant, Mike Watkins, is the District 7 Administrator of the DCF in Orlando, Florida.[5] The Defendant, Phil Penley, is the former District 7 Administrator of the DCF.[6] This action is for civil rights violations under 42 U.S.C. § 1983.[7]

---

[1] *See Brown v. Crawford County*, 960 F. 2d 1002, 1010 (11th Cir. 1992) ("For a motion to dismiss to be granted, plaintiff's complaint, factually accepted as correct, must evidence that there is no set of facts entitling him to relief") (internal citation omitted).

[2] *See* Doc. No. 1, ¶1 at 2.

[3] *See id.*

[4] *See id.*, ¶2 at 2.

[5] *See id.*, ¶3 at 2.

[6] *See id.*, ¶5 at 3.

[7] *See generally id.* 42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

In the City of Orlando, Florida, the Plaintiff and his wife, Debra Behrens, are currently raising two children.[8] One child is the couple's biological daughter, and the other child is an adopted son.[9] Though the Behrens are unable to have further children on their own,  they hope to continue adding to their family through adoption.[10]

A short time ago, while the Plaintiff was carrying his adopted son, he accidentally tripped over a child safety gate in his home, and fell to the ground.[11] As a result, his son sustained a head injury.[12]

Concerned, the Behrens rushed their son to the Urgent Care Center.[13] There, they were instructed to go to the emergency room.[14] At the emergency room, the DCF was notified of possible child abuse.[15]

---

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[8]*See id.*, ¶¶9-10 at 3.

[9]*See id.*, ¶11 at 3.

[10]*See id.*, ¶¶11-12 at 3.

[11]*See id.*, ¶14 at 4.

[12]*See id.*, ¶15 at 4.

[13]*See id.*

[14]*See id.*

[15]*See id.*

Immediately, the DCF "put a hold" on the Behrens' child, delaying any release of custody to the Plaintiff.[16] Subsequently, criminal and civil dependency investigations began.[17]

The criminal investigations were terminated as unfounded and/or accidental.[18] Likewise, the civil dependency proceedings were dismissed for a lack of a preponderance of the evidence of abuse.[19] The Defendants, nevertheless, verified allegations of child abuse against the Plaintiff in contravention of the DCF policy which provides that there must be a preponderance of the evidence of abuse before verifying someone as a child abuser.[20]

As it currently stands, Mr. Behrens is still registered as a verified child abuser.[21] This is problematic because the Behrens' desire to adopt another child, and the Plaintiff's record precludes them from doing so.[22] The Plaintiff has expended a substantial amount of money on legal fees, and on medical experts in an attempt to change his record, but to no avail.[23]

Against that backdrop, the Plaintiff filed this lawsuit against the Defendants alleging violations of the Fourteenth Amendment right to procedural due process (Count I); the

---

[16]*Id.*, ¶16 at 4.

[17]*See id.*, ¶¶17-18 at 4.

[18]*See id.*, ¶17 at 4.

[19]*See id.*, ¶18 at 4.

[20]*See id.*, ¶¶19-20 at 4.

[21]*See id.*, ¶21 at 5.

[22]*See id.,* ¶22 at 5.

[23]*See id.*, ¶21 at 5.

Fourteenth Amendment right to privacy (Count II); the Fourteenth Amendment right to substantive due process (Count III); and the Florida Constitution (Counts IV and V).[24] In his prayer for relief, the Plaintiff seeks declaratory and injunctive relief as well as monetary damages.[25]

Turning to the issue at hand, the Defendants, Jerry Regier, Mike Watkins, and William Penley (collectively, "the Defendants"), now move this Court to Dismiss this action on the ground that it fails to state a claim upon which relief may be granted.[26] According to the Defendants,"[u]nder Florida law, adoption is not a fundamental right, but a privilege created by statute."[27] Therefore, the "Plaintiff has no liberty interest in being afforded the opportunity to adopt."[28] And furthermore, "Plaintiff has no privacy interest" because "adoption is a public act, not a private matter."[29]

### III. STANDARD OF REVIEW

In deciding a motion to dismiss, the court must accept as true all the factual allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff. *See Brown v. Crawford County*, 960 F. 2d 1002, 1010 (11th Cir. 1992). "The issue is not whether a plaintiff will ultimately prevail but whether the

---

[24]*See generally id.*

[25]*See generally id.*

[26]*See generally* Doc. No. 11.

[27]*Id.*, ¶4 at 2.

[28]*Id.*, ¶4 at 2-3.

[29]*Id.*, ¶4 at 3.

claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Little v. N. Miami*, 805 F. 2d 962, 965 (11th Cir. 1986). A count may not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim for relief. *See Lopez v. First Union Nat'l Bank*, 129 F. 3d 1186, 1189 (11th Cir. 1997), *reh'g denied*, 141 F. 3d 1191 (11th Cir. 1998), *cert. denied,* 531 U.S. 1052 (2000). The threshold of sufficiency for a complaint to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F. 2d 700, 703 (11th Cir. 1985). Nevertheless, dismissal is appropriate where a court cannot "identify each of the material elements necessary to sustain a recovery under some viable legal theory." *See Roe v. Aware Woman Ctr. for Choice, Inc.* 253 F. 3d 678, 684 (11th Cir.

2001), *reh'g denied*, 273 F. 3d 395 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129 (2002) (internal citation omitted). Moreover, a court should grant a motion to dismiss where the factual allegations in the plaintiff's complaint present a dispositive legal issue precluding relief. *See Marshall County Bd. of Educ. v. Marshall County Gas. Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

 In the context of civil rights actions, the pleading requirements are heightened, especially in those cases involving the defense of qualified immunity. *See Dalrymple v. Reno*, 334 F. 3d 991, 996 (11th Cir. 2003). In that connection, "[t]he complaint must allege the relevant facts with some specificity." *Gonzalez v. Reno*, 325 F. 3d 1228, 1235 (11th Cir. 2003) (internal citation and quotations omitted). When allegations are vague and conclusory,

the complaint must be dismissed as insufficient. *See Fullman v. Graddick*, 739 F. 2d 553, 556-57 (11th Cir. 1984).

In addition, in deciding a motion to dismiss a civil rights action, a court need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Dalrymple*, 334 F. 3d at  996 (internal citation omitted). "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Id.* (internal citation and quotation marks omitted). District courts must also recognize that official conduct is generally accorded a presumption of legitimacy. *See id.*

## IV. LEGAL ANALYSIS

### A.  THE PROCEDURAL DUE PROCESS CLAIM

Under Eleventh Circuit precedent, a "§1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F. 3d 1225, 1232 (11th Cir. 2003) (internal citation omitted).

With these principles in mind, the Plaintiff contends that the Defendants deprived him of due process by placing his name on a child abuse registry without the benefit of a name clearing hearing. *See* Doc. No. 1, ¶¶ 29-30 at 6. Allegedly, that action "stigmatized" the Plaintiff "plus he has lost his ability to adopt another child and raise a family as he and his wife deem appropriate." *Id.*, ¶ 32 at 6.

Generally speaking "defamation by the government, standing alone and apart from any other governmental action, does not constitute a deprivation of liberty or property under the Fourteenth Amendment." *Cannon v. City of W. Palm Beach*, 250 F. 3d 1299, 1302 (11th Cir. 2001 ) (internal citation omitted). Instead, "a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangible interest." *Id.* (internal citations omitted). In other words, the Plaintiff must satisfy a "stigma-plus" test. *Silva v. Bieluch*, 351 F. 3d 1045, 1048 (11th Cir. 2003) ("We review liberty interest claims under the 'stigma-plus' test where 'essentially, a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause'") (internal citations omitted).

In this instance, the Plaintiff's allegations undoubtedly satisfy the "stigma" prong of the "stigma-plus" test. "There is no question that the child [] abuse allegations [] may stigmatize a person." *Smith v. Siegelman*, 322 F. 3d 1290, 1296 (11th Cir. 2003) (internal citation omitted).  However, because courts have rejected the notion that there is a fundamental liberty interest in adoption, the Plaintiff's allegations are insufficient with respect to the "plus" prong. *See Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F. 3d 804, 812 (11th Cir. 2004) (acknowledging that since "there is no fundamental right to adopt or to be adopted, it follows that there can be no fundamental right to apply for adoption"); *Mullins v. Oregon*, 57 F. 3d 789, 794 (9th Cir. 1995) ("Whatever claim a

-8-

prospective adoptive parent may have to a child, we are certain that it does not rise to the level of a fundamental liberty interest") (internal citations omitted); *Lindley v. Sullivan*, 889 F. 2d 124, 131 (7th Cir. 1989) ("Because the adoption process is entirely conditioned upon the combination of so many variables, we are constrained to conclude that there is no fundamental right to adopt"). Indeed, as the Eleventh Circuit acknowledged, adoption is not a right; it is a statutory privilege. *Lofton*, 358 F. 3d at 809 ("Under Florida law, 'adoption is not a right; it is a statutory privilege'") (internal citation omitted).

Without a constitutionally protected liberty or property interest, the Plaintiff's procedural due process claim must fail.

The decision rendered in *Smith v. Siegelman* is instructive on this point. There, the plaintiff filed a complaint alleging that the defendants violated his Fourteenth Amendment rights by designating him a child sexual abuser without affording him a due process hearing. *See generally id.* The defendants, in response, filed a motion to dismiss. *See generally id.* Concluding that the "plus" prong was satisfied, the district court denied the defendants' motion:

> If [Smith] were to choose to teach elementary or secondary school, to work in daycare, to work with the Boy Scouts, to join law enforcement, [or] to gain custody of children he may have, DHR's record of him as a child sex abuser would negatively impact (or prevent) his ability to work in these positions and his custody rights as a parent . . . [Smith's] ability to pursue the employment of his choice, among other rights, is affected.

*Id.* at 1297 (internal citation omitted).

On appeal, the Eleventh Circuit reversed. *See id.* Rejecting the district court's "conjecture", the appellate court concluded that to establish a due process violation predicated on defamation a "Plaintiff must show that the defendant's conduct 'deprived [him] of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation.'" *Id.* at 1298 (internal citation omitted). With respect to the former requirement, the Court found the plaintiff's complaint patently deficient:

> The complaint does not at any point allege that Smith was denied any right or status other than his not being branded a child sexual abuser. Smith has not contended that he was discharged, demoted, or rejected from a job due to the information on the Registry. Nor has he even contended that he was passed over for promotion. In short, Smith has not alleged that he has suffered any loss of employment, and diminution of salary, or anything else that would . . . qualify as some more tangible interest. . .

*Id.* at 1297 (internal citations and quotation marks omitted).

As in *Smith*, the complaint here does not allege that the Plaintiff was deprived of a constitutionally protected tangible interest. Mr. Behrens has not contended that he was discharged, demoted, or rejected from a job due to his record as a verified child abuser. Nor has Mr. Behrens alleged that he was passed over for a promotion, or that his salary was diminished. Instead, he asserts that "he has lost the ability to adopt another child", Doc. No. 1, ¶ 32 at 6, which is inconsequential from a constitutional standpoint because "there is no fundamental right to adopt, nor any fundamental right to be adopted." *Lofton v. Sec'y of the*

*Dep't of Children & Family Servs.*, 358 F. 3d 804, 811 (11th Cir. 2004) (internal citation omitted).

In sum, the deleterious effects that flow from a sullied reputation, including the adverse impact on a prospective adoption, are insufficient to rise to the level of a constitutionally protected interest. *See Smith*, 322 F. 3d at 1298. Instead, a plaintiff must show "that the defendant's conduct 'deprived [him] of a previously recognized property or liberty interest.'" *Id.* at 1298 (internal citation omitted); *see also Cypress Ins. Co. v. Clark*, 144 F. 3d 1435, 1436-37 (11th Cir. 1998) ("The rule, labeled the 'stigma-plus' standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation") (internal citation omitted). Since adoption under Florida law is not a right, *see Lofton*, 358 F. 3d at 810, the Plaintiff here is incapable of satisfying this requirement.

## B.  THE PRIVACY CLAIM

The Complaint next asserts that placing Mr. Behrens' name on a child abuse registry violated his right to privacy because it effectively "denied [the] Plaintiff the ability to adopt a child", Doc. No. 1, ¶ 46 at 8-9, and  "[t]he right to privacy encompasses the right to raise children free from government intrusion", *Id.*, ¶ 48 at 9.

It is clear that "the decision to adopt a child is not a private one, but a public act." *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F. 3d 804, 810 (11th Cir. 2004) (internal citation omitted). After all, "a person who seeks to adopt is asking the state to

conduct an examination into his or her background and to make a determination as to the best interest of a child in need of adoption." *Id.* at 811.

Since prospective adopters submit their personal lives to such intensive state scrutiny before an adoption may be approved, it follows that the adoption of a child does not fall within the constitutionally protected privacy interest. *See Lindley v. Sullivan*, 889 F. 2d 124, 131 (7th Cir. 1989) ("Thus, we can find neither a fundamental right nor a privacy interest in adopting a child") (internal footnote omitted); *Buckner v. Family Servs. of Cent. Fla. Inc.*, 2004 Fla. App. Lexis 10982, *11 (Fla. 5th DCA July 23, 2004) ("the decision to adopt a child . . . does not partake of a constitutionally-recognized privacy interest") (paraphrasing *Lofton*). Accordingly, the Plaintiff's privacy claim  is due to be dismissed.

## C. THE SUBSTANTIVE DUE PROCESS CLAIM

In view of this Court's prior determination that the Plaintiff failed to allege a deprivation of a constitutionally-protected liberty interest, Mr. Behrens' substantive due process claim also fails. *See Greenbriar Vill., L.L.C. v. Mt. Brook City*, 345 F. 3d 1258, 1262 (11th Cir. 2003) ("The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty'") (internal citation omitted).

## D. THE VARIOUS STATE LAW CLAIMS

The Court next examines whether it should continue to exercise supplemental jurisdiction over the Plaintiff's state law claims: Count IV (alleging a violation of the

Florida Constitution - Article I § 9 Procedural Due Process); and, Count V (alleging a violation of Article I § 23, Florida Constitution - Privacy).

Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *See Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994). "[W]henever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies." *Palmer,* 22 F.3d at 1569. Under § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state claim where, as here, it "has dismissed all claims over which it has original jurisdiction[.]" If, after examining the provisions of § 1367(c), the district court determines that it has the discretion to decline jurisdiction, it should consider traditional factors bearing on the exercise of pendent jurisdiction. *Palmer*, 22 F.3d at 1569. Those factors include "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." *Id.*

Obviously, this Court has the discretion to decline to exercise supplemental jurisdiction over the Plaintiff's state claims, inasmuch as it has "dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Accordingly, the Court will examine the factors listed in *Palmer* to determine the proper exercise of that discretion.

In the Court's view, considerations of judicial economy, convenience, and fairness are not persuasive. Only state law claims remain, and considerations of practicality and comity counsel that a state judge is best equipped to adjudicate those claims. "Resolution of

[Mr. Behrens'] state law claims depends on determinations of state law," and "[s]tate courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997).[30]  This is particularly true here, given the fact that this is a complex case involving claims brought under the Florida Constitution.

The remaining factor - whether all the claims would be expected to be tried together - appears more pertinent to the situation where original jurisdiction continues to exist and a court is attempting to determine whether it should nevertheless decline jurisdiction over supplemental state claims, i.e., the scenarios envisioned by § 1367(c)(1), (2) and (4). Clearly, that is not the situation here.  However, to the extent this factor applies to the present case, the Court determines that all of the state claims should be tried together - in state court.

Further, where, as here, the federal claims are dismissed prior to trial, dismissal of supplemental state claims is "strongly encourage[d] or even require[d]." *Mergens v. Dreyfoos,* 166 F.3d 1114, 1119 (11th Cir.) (holding that since all federal claims were dismissed before trial, district court appropriately declined to exercise supplemental jurisdiction over remaining state claim), *cert. denied,* 528 U.S. 820 (1999); *see also, Baggett v. First Nat. Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997) (stating that it was "especially true" that Georgia court should resolve remaining state claims "where the Court

---

[30]The quoted statement appears in the district court's opinion attached as Exhibit "A" to the Eleventh Circuit's *Baggett* decision.  The appellate court expressly adopted the lower court's opinion.  *See* 117 F.3d at 1344.

is dismissing Plaintiffs' federal law claim prior to trial");[31] *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (articulating as a "rule of thumb" that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed"), *amended on denial of reh'g*, 1998 WL 117980 (6th Cir. 1998); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir.) (noting "general rule" that district court should relinquish jurisdiction over state law claims when all federal claims are dismissed before trial), *cert. denied*, 525 U.S. 870 (1998).

### V. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1.      The Defendants', Jerry Regier, in his official and individual capacity, Mike Watkins, in his official and individual capacity, and William Penley, in his individual capacity, June 22, 2004 Motion to Dismiss Plaintiff's Complaint (Doc. No. 11) is **GRANTED**. Count I (alleging a violation of the Fourteenth Amendment - Procedural Due Process); Count II (alleging a violation of the Fourteenth Amendment - Privacy); and Count III (alleging a violation of the Fourteenth Amendment - Substantive Due Process) are hereby **DISMISSED WITH PREJUDICE.**

2.      In accordance with 28 U.S.C. § 1367(c), this Court declines to exercise

---

[31]Again, this quoted statement appears in the district court's opinion attached as Exhibit "A" to the Eleventh Circuit's *Baggett* decision.

supplemental jurisdiction over the Plaintiffs' state law claims (Counts IV and V). Those

claims are hereby **DISMISSED WITHOUT PREJUDICE** with leave to re-file in the

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

      3.      The Clerk of Court shall **CLOSE** the **FILE**.

      4.      All pending motions are **DENIED** as **MOOT**.

      **DONE** and **ORDERED** in Chambers, in Orlando, Florida this 25th day of August,

2004.

ANNE C. CONWAY
United States District Judge